UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 00-4158

JOSH RANDALL FREEMAN,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-99-26)

Submitted: April 17, 2001

Decided: April 27, 2001

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Phillip J. Roth, Jr., Asheville, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Josh Randall Freeman was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He was sentenced to 120 months imprisonment. Freeman's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issues: (1) whether 18 U.S.C.A. § 922(g) is unconstitutional; (2) whether trial counsel was ineffective; and (3) whether the district court erred in denying Freeman's motion to substitute counsel prior to sentencing. We affirm.

With respect to Freeman's challenge to the constitutionality of 18 U.S.C.A. § 922(g), we reject his argument as this court has held that the statute is constitutional. *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir.), *cert. denied*, 527 U.S. 1029 (1999); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. We find that the record does not conclusively establish ineffective assistance of counsel. We also find no abuse of discretion in the district court's denial of Freeman's motion to substitute counsel. *See United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) (setting out standard of review).

Accordingly, we affirm Freeman's conviction and sentence. Although we grant Freeman's "Motion for Leave to File a Supplemental Brief to Attorney's Brief," we find that Freeman's claims in the supplemental brief are without merit. We further deny Freeman's motion for discovery. We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*